UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DEVON BENNETT FORD,**

    **Plaintiff,**

v.                                                          Case No. 8:05-CV-228-T-30TGW

**STATE OF FLORIDA, DEPARTMENT
OF CORRECTIONS, and KENNETH C.
THOMPSON ACADEMY,**

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendant Kenneth C. Thompson Academy's ("Academy") Motion to Dismiss, or In The Alternative, Motion for More Definite Statement, and Supporting Memorandum of Law (Dkt. # 7). Plaintiff failed to file a response to the Motion as required by the Court's Order to Show Cause (Dkt. #16), therefore the Court considers the Motion without a response by Plaintiff. The Court, having considered the Motion and being otherwise fully advised, finds that the Motion to Dismiss should be granted.

Plaintiff's Amended Complaint alleges employment discrimination under the Americans with Disability Act (ADA) and gender discrimination under Title VII of the Civil Rights Act of 1964 (Title VII). (Dkt. # 10). Defendant Academy has moved to dismiss on the grounds that it is not Plaintiff's employer within the meaning of the ADA and Title VII,

that Plaintiff has not met conditions precedent to the filing of this action, and that Plaintiff fails to state a claim.  (Dkt. #7).

Under the ADA and Title VII, Plaintiff only has a cause of action against a "covered entity," defined as an "employer."  42 U.S.C. §12111(2); see also Olmsted v. Defosset, 205 F. Supp. 2d 1316, 1324 (M.D. Fla. 2002).  The Court agrees that Plaintiff has not alleged Defendant Academy was Plaintiff's employer within the meaning of the ADA and Title VII, which both define "employer" in the same way.  42 U.S.C. §12111(4); 42 U.S.C. §2000e(b).  Since Plaintiff has failed to allege that Defendant Academy, rather than Defendant Department of Corrections, employed him, he has failed to state a claim against Defendant Academy upon which relief can be granted.

In addition, Defendant is correct that the Plaintiff was statutorily required to file a charge with the Equal Employment Opportunity Commission or the Florida Commission on Human Relations before bringing a civil action under Title VII.  42 U.S.C. 2000e-5; see also Caputo-Conyers v. Berkshire Realty Holdings, LP, 2005 WL 1862697, at *3 (M.D. Fla. Aug.2, 2005); McFadden v. Lockheed Martin Info. Sys., 2002 WL 596352, at *4 (M.D. Fla. Jan. 18, 2002).  Since Plaintiff has failed to exhaust Title VII procedural requirements by not alleging that he filed the necessary charge against Defendant, Plaintiff has not met the condition precedent to initiating this civil suit.  (Dkt. #10).

Because the Court finds that Defendant's Motion to Dismiss should be granted, the Court does not reach Defendant's alternative motion for a more definite statement.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss (Dkt. # 7) is GRANTED without prejudice with respect to Defendant Kenneth C. Thompson Academy.

2. Plaintiff may file a second amended complaint within twenty (20) days of the date of this order.

**DONE** and **ORDERED** in Tampa, Florida on September 26, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2005\05-cv-228.mtd academy.wpd